IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WAIMAN WONG,, | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 05-0416-CG-M |
| | ) |
| MASTER CLEANERS, INC., | ) |
| | ) |
|     Defendant. | ) |

## ORDER

This matter is before the court on defendant's motion to dismiss (Doc. 3), plaintiff's response thereto (Doc. 8), plaintiff's motion to amend complaint (Doc. 9), defendant's objection thereto (Doc. 10), and plaintiff's reply (Doc. 13). The court finds that plaintiff has failed to exhaust his administrative remedies prior to filing suit. The court further finds that plaintiff's proposed amendment would be futile. Therefore, plaintiff's motion to amend is due to be DENIED and defendant's motion to dismiss is due to be GRANTED.

## BACKGROUND

This case was originally filed in the Circuit Court of Mobile County, Alabama, alleging claims under the Workers Compensation laws of the Alabama and violations of Alabama Code § 25-5-11.1 (retaliatory discharge). Plaintiff thereafter amended his complaint to add a claim under the Americans With Disabilities Act (ADA). On July 15, 2005, the Circuit Court severed plaintiff's ADA claim from the original action. Defendant removed the severed ADA claim to this court on July 18, 2005. (Doc. 1).

The complaint claims that defendant terminated plaintiff following his becoming disabled and

1

that, although defendant was capable of accommodating plaintiff without undue burden, defendant failed or refused to provide an accommodation. (Doc. 1).  The complaint seeks "back wages, front pay, and other damages provided for violation of 42 USC § 12101 et seq." (Doc. 1).

## DISCUSSION

**A. Motion to Dismiss**

A motion to dismiss should not be granted "unless the plaintiff can prove no set of facts which would entitle him to relief." Martinez v. American Airlines, Inc., 74 F.3d 247, 248 (11th Cir.1996) (quoting Peterson v. Atlanta Housing Authority, 998 F.2d 904, 912 (11th Cir.1993)).  In making this determination, the court must "take all the allegations in the complaint as true, and view the complaint in the light most favorable to the plaintiff." Id.   Dismissal should be granted pursuant to Rule 12(b)(6) if a complaint lacks an allegation regarding an element necessary to obtain relief.  See Pyles v. United Air Lines, Inc., 79 F.3d 1046, 1049 (11th Cir. 1996); Quiller v. Barclays American/Credit, Inc., 727 F.2d 1067, 1069 (11th Cir.1984), adhered to en banc, 764 F.2d 1400 (11th Cir.1985), cert. denied, 476 U.S. 1124 (1986).  The scope of review is limited to the four corners of the complaint. St. George v. Pinellas County, 285 F.3d 1334, 1337 (11th Cir. 2002) (citations omitted).

Defendant asserts that plaintiff's complaint is due to be dismissed because plaintiff failed to exhaust his administrative remedies before filing his claim.  The ADA has incorporated Title VII's administrative filing requirements which compel an employee to file a charge of discrimination with the EEOC within 180 days of the alleged act of discrimination. See 42 U.S.C. § 12117(a) and  42 U.S.C. § 2000e-5(e).  Thus, filing an administrative charge of discrimination with the EEOC is a prerequisite to a private civil action brought pursuant to the provisions of the ADA.

Plaintiff contends, however, that jurisdiction in this case arises under § 2000a-3 because

"[r]emoval of this case converts the issue from one for a straight claim for damages, to an issue of injunctive relief." (Doc. 8, p.2). As such, plaintiff contends that he is not required to file an EEOC charge prior to filing suit. However, plaintiff does not cite any case law or otherwise explain how his claim was converted from one for damages under the ADA to a claim to enjoin defendant from engaging "in any act or practice prohibited by section 2000a-2." 42 U.S.C. § 2000a-3. The only claim asserted in plaintiff's current complaint is one for damages for violation of 42 USC § 12101 et seq. As stated above, filing an administrative charge of discrimination with the EEOC is a prerequisite to maintaining such a claim. No evidence, allegation, or argument has been submitted to support a finding that plaintiff filed an EEOC charge prior to the filing of this suit. "When a Plaintiff fails to exhaust administrative remedies, the federal courts lack subject matter jurisdiction over the claims, and the claims must be dismissed." Woods v. General Motors Acceptance Corp., 1998 WL 757966, *3 (S.D. Ala. May 26,1998) (citations and internal quotations omitted). Therefore, this court does not have jurisdiction over plaintiff's claim, and it is due to be dismissed.

**B. Motion to Amend**

Plaintiff seeks permission to amend his claim to seek an injunction under Tittle 42 U.S.C. §2000a-3. (Doc. 9). Under FED. R. CIV. P. 15(a), leave to amend should be "freely given when justice so requires." "[T]he rule contemplates that leave shall be granted unless there is a substantial reason to deny it." Halliburton & Assocs., Inc. v. Henderson, Few & Co., 774 F.2d 441, 443 (11th Cir. 1985); see also Shipner v. Eastern Air Lines, Inc., 868 F.2d 401, 407 (11th Cir.1989) ("[U]nless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial."). However, a district court need not grant leave to amend:

(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to

3

cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile. See Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001). Defendant asserts that the proposed amendment would be futile.

Plaintiff intends to seek an injunction under 42 U.S.C. §2000a-3. Specifically, plaintiff seeks to prohibit defendant from arguing in plaintiff's state court case that, under Alabama law, an employer with more than 25 employees is not required to provide reasonable accommodations to an injured employee. However, plaintiff's claim does not appear to fall under 42 U.S.C. § 2000a-3. Section 2000a-3 provides the following:

> Whenever any person has engaged or there are reasonable grounds to believe that any person is about to engage in any act or practice prohibited by section 2000a-2 of this title, a civil action for preventive relief, including an application for a permanent or temporary injunction, restraining order, or other order, may be instituted by the person aggrieved and, upon timely application, the court may, in its discretion, permit the Attorney General to intervene in such civil action if he certifies that the case is of general public importance. Upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may authorize the commencement of the civil action without the payment of fees, costs, or security.

42 U.S.C. § 2000a-3(a). Section 2000a-2 provides as follows:

> No person shall (a) withhold, deny, or attempt to withhold or deny, or deprive or attempt to deprive any person of any right or privilege secured by section 2000a or 2000a-1 of this title, or (b) intimidate, threaten, or coerce, or attempt to intimidate, threaten, or coerce any person with the purpose of interfering with any right or privilege secured by section 2000a or 2000a-1 of this title, or (c) punish or attempt to punish any person for exercising or attempting to exercise any right or privilege secured by section 2000a or 2000a-1 of this title.

42 U.S.C. § 2000a-2. Section 2000a prohibits discrimination and segregation in places of public

4

accommodation on grounds of race, color, religion, or national origin. 42 U.S.C. § 2000a; see also PGA Tour, Inc. v. Martin, 532 U.S. 661, 681, 121 S.Ct. 1879, 1892 (2001) ("Title II of that Act prohibits public accommodations from discriminating on the basis of race, color, religion, or national origin. citing § 2000a(a)").  Section 2000a-1 prohibits discrimination or segregation required by any law, statute, ordinance, regulatory rule or order of a State or State agency. 42 U.S.C. § 2000a-1. Although they provide a private remedy, these provisions come under the public accommodations provisions (Title II and III), which forbid discriminating against disabled persons with respect to access to public services and places of public accommodation.[1]   The provisions of Title II and III do not apply to establishments not open to the public. Jankey v. Twentieth Century Fox Film Corp., 212 F.3d 1159, 1161 (9th Cir. 2000) (citing 42 U.S.C. §§ 12187, 2000a(e); Clegg v. Cult Awareness Network, 18 F.3d 752, 755 n. 3 (9th Cir. 1994) ("Only when the facilities are open to the public at large does Title II govern.")).  Plaintiff's claims concern his private employment relations with defendant and do not involve accommodations to the public.[2]   Plaintiff is not seeking to enjoin defendant from arguing in state

---

[1] Congress has "set forth prohibitions against discrimination in employment (Title I, §§ 12111-12117), public services furnished by governmental entities (Title II, §§ 12131-12165), and public accommodations provided by private entities (Title III, §§ 12181-12189)." Olmstead v. L.C. ex rel. Zimring, 527 U.S. 581, 589, 119 S.Ct. 2176, 2181 (1999).  "The statute as a whole is intended 'to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities.'" Id. (quoting § 12101(b)(1)).

[2] Even if it could be argued that defendant provides public services or accommodations, plaintiff's employment claims would still fall under Title I.  As the 3rd Circuit explained:
> [I]t is evident that Congress sought to regulate disability discrimination in the area of employment exclusively through Title I, notwithstanding the broad language of Title III. As the Senate report makes clear, "Title III is not intended to govern any terms or conditions of employment by providers of public accommodations or potential places of employment; employment practices are governed by [T]itle I of this legislation."

Menkowitz v. Pottstown Memorial Med. Center, 154 F.3d 113, 118-19 (3rd Cir.1998) (citations

court that it does not have to abide by certain public accommodation provisions. Plaintiff's claims have absolutely no relation to public accommodation. As such, plaintiff's claims must be maintained under section I of the ADA and are barred for failure to exhaust administrative remedies. Therefore, the court finds that plaintiff's amendment would be futile.

Plaintiff argues that, although he is no longer employed by defendant, he is still a "qualified individual with a disability" and is protected by the ADA. This argument is inconsequential, as this court has no jurisdiction over plaintiff's claim because he has not exhausted his administrative remedies.

Plaintiff also argues that defendant should be precluded from contesting jurisdiction because defendant removed the case to this court. However, regardless of the procedural history of this case, this court has limited jurisdiction and cannot assume jurisdiction over a case in which jurisdiction is not proper.

## CONCLUSION

For the reasons stated above, plaintiff's motion to amend (Doc. 9) is **DENIED**, defendant's motion to dismiss (Doc. 3) is **GRANTED**, and this case is hereby **DISMISSED**.

**DONE and ORDERED** this 25th day of August, 2005.

      /s/   Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE

---

omitted).